**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT J. LUMPKIN,

                  Plaintiff - Appellant,

    v.

KING COUNTY JAIL,

                  Defendant - Appellee.

No. 14-35413

D.C. No. 2:13-cv-02338-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

    Robert J. Lumpkin appeals pro se from the district court's judgment

dismissing without prejudice his 42 U.S.C. § 1983 action alleging false

imprisonment and malicious prosecution. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo the district court's dismissal under 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B)(ii), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Lumpkin's Fourth and Fourteenth Amendment claims because Lumpkin alleged that a judge found probable cause as to one of the two charges against him. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc) (elements of a malicious prosecution claim under § 1983, including a lack of probable cause); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (a plaintiff must show there was no probable cause in order to prevail on a § 1983 claim for false arrest and imprisonment); *City of Seattle v. Cadigan*, 776 P.2d 727, 731 (Wash. Ct. App. 1989) (under Washington state law, absence of probable cause to believe that a person committed a particular crime for which the person was arrested does not create an invalid arrest if, at the time of the arrest, the police had sufficient information to support an arrest of the person on a different charge).

We do not address Lumpkin's Eighth Amendment claims, raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**